# NO. 12-23-00321-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DIANNE L. WEAVER,* *APPELLANT* | § | *APPEAL FROM THE* |
| *V.* | § | *COUNTY COURT* |
| *HOLLY LAKE RANCH ASSOCIATION, INC., APPELLEE* | § | *WOOD COUNTY, TEXAS* |

---

### MEMORANDUM OPINION
### PER CURIAM

Philip J. Emerson, acting pro se, filed a notice of appeal from a July 26, 2023, judgment and a September 15, 2023, writ of possession. However, Dianne Lee Weaver and Holly Lake Ranch Association, Inc., not Emerson, are parties to this proceeding. On December 20, 2023, this Court notified Emerson that the notice of appeal failed to show the jurisdiction of the Court, namely, the appellant is not a party to the underlying proceeding and lacks standing. *See* TEX. R. APP. P. 37.2. We further notified Emerson that the appeal would be dismissed unless the information was amended on or before January 2 to show the jurisdiction of the Court. Emerson filed various motions, but none establish the jurisdiction of this Court.

The notice of appeal in this case purports to be filed on Weaver's behalf.[1] Because Emerson is not a member of the state bar and has not otherwise received special permission to practice law on Weaver's behalf, he lacked the authority to sign and file a notice of appeal in this case. ***Hunter v. Liberty Mutual Ins.***, No. 01-19-00418-CV, 2020 WL 425295, at *1 (Tex. App.—Houston [1st Dist.] Jan. 28, 2020, pet. denied) (per curiam) (mem. op.) ("Under Texas law, if a person is not a member of the state bar or otherwise granted special permission, that

---

[1] Emerson has been declared vexatious.

person may not practice law on behalf of another person—even if the two persons are related or married"); s*ee* TEX. GOV'T CODE ANN. § 81.102(a) (West 2023); *see also **Unauthorized Practice of Law Committee v. Am. Home Assurance Co., Inc.***, 261 S.W.3d 24, 29 (Tex. 2008) ("To practice law in Texas, one must either be licensed by the Court or have special permission").

Because Weaver was not represented by counsel, she was required to sign any document filed. *See* TEX R. APP. P. 9.1(b) (Unrepresented parties must sign any document the party files and give the party's mailing address, telephone number, fax number, if any and email address). Weaver did not sign the notice of appeal nor include the required information. Thus, no notice of appeal was filed as to her. *See **Premier Assoc., Inc. v. Louetta Shopping Ctr. Houston, L.P***., No 01-12-00369-CV, 2012 WL 4243802 at *1 (Tex. App.–Houston [1st Dist.] Sep. 20, 2012, no pet.) (per curiam) (mem. op.). Accordingly, we ***dismiss*** the appeal for ***want of jurisdiction***. All pending motions are ***overruled as moot***.

Opinion delivered January 3, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**JANUARY 3, 2024**

**NO. 12-23-00321-CV**

**DIANNE L. WEAVER,**
Appellant
V.
**HOLLY LAKE RANCH ASSOCIATION, INC.,**
Appellee

---

Appeal from the County Court

of Wood County, Texas (Tr.Ct.No. E23-016-3)

---

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*